IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELAINE WHIGHAM WILLIAMS, | § |
| Plaintiff, | § |
| V. | §   No. 3:19-cv-674-M-BN |
| TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES, ET AL., | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Elaine Whigham Williams has filed a *pro se* complaint asserting causes of action under 18 U.S.C. §§ 2261A, 242, and 1621, alleging that her Fourteenth Amendment right to due process was violated, and presenting factual content substantially the same as that presented in the complaint that she filed in *Williams v. Marsh McLennan Cos.*, No. 3:18-cv-1035-N-BN, 2018 WL 2773380 (N.D. Tex. Apr. 26, 2018), *rec. accepted*, 2018 WL 2766148 (N.D. Tex. June 8, 2018) ("*Williams I*"), a case that the Court dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

This resulting action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The Court has granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). And the undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standards and Analysis**

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-

cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

First, to the extent that many of the allegations Plaintiff now makes – like her allegations in *Williams I* – "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, those allegations present no logical set of facts that support a claim for relief.

Second, to the extent that the claims presented now "are duplicative of claims already asserted and dismissed in [*Williams I*]," those claims "must be dismissed as malicious" or, alternatively, because they "are also barred by the doctrine of *res judicata*, … for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious." (citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the

same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

Simply put, "declaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).

Third, to the extent that Plaintiff asserts three causes of action based on federal criminal statutes, those claims are also frivolous. She "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *cf. McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

Finally, to the extent that Plaintiff alleges that, "[o]n March 31, 2013, [state actors] willfully deprived [her] of her Constitutional Right under the Fourteenth Amendment of her life, liberty, and property without Due Process of the Law while pretending to act in the performance of their duties," Dkt. No. 3 at 15, that claim, made under 42 U.S.C. § 1983, is time-barred. And, given Plaintiff's litigation history, there

is no basis to equitably toll the statute of limitations.

If "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

Claims under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years." (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("[O]ur cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

And, while the applicable two-year limitations period for this action is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit

has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

Therefore, as plainly alleged in her complaint, Plaintiff's deadline to assert her Fourteenth Amendment claim expired years before she filed this action.

And "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." (citation omitted)).

A plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal

courts.'" So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Plaintiff alleges no facts to support either prong of equitable tolling. And, given her filing in this Court less than one year ago a lawsuit based on facts substantially the same as the facts underlying this lawsuit and her failure to allege a Fourteenth Amendment violation – or facts to support such a violation – in the prior lawsuit, claiming equitable tolling now "would seemingly be implausible and thus frivolous," *Peterson*, 2018 WL 1832417, at *2, as, at a minimum, the Court would lack a basis to find that Plaintiff pursued her Fourteenth Amendment claim diligently.

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE